■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HENRY PARKER, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered on May 22, 1972, upon a verdict convicting defendant of criminal possession of dangerous drugs in three counts. The sole issue at the trial herein which was seriously contested by the defendant was the question of whether or not he had, in fact, possessed the substances which were admitted to be dangerous drugs. It was not disputed but that the defendant had registered as man and wife with a woman and that he was the one who paid for the rental of a certain hotel room. The drugs were found by the police in the defendant's hotel room located in dresser drawers. At the time the drugs were found, the room was occupied by the woman who registered as the defendant's wife, however, defendant was not present and was arrested later in a different location. At the trial, the prosecution was unable to directly establish that the defendant had, in fact, been observed at any time entering the hotel room although he had been observed on various occasions within the hotel. Upon cross-examination of one of the policemen, the defendant's counsel asked the witness whether anything "transpired" with the woman registered as the defendant's wife to indicate that the defendant occupied the room where the drugs were found. In response to that question, the witness testified that the woman stated that she and defendant were living in the room as husband and wife and that previously they had gone to New York (City) to obtain heroin. Defendant's counsel did not move to strike the answer as unresponsive or as hearsay or was any request made to charge as to the testimony. Nevertheless, upon this appeal it is urged that the referred to hearsay evidence was actually testimony by an accomplice which was not corroborated and that therefore there should be a new trial. The admissibility of evidence is a matter to be determined at the trial and in the present case that admissibility was determined by the defendant at his trial. While the evidence is hearsay, it is not accomplice testimony and there would be no reason for it to be corroborated in order for the jury to rely thereon. This same question as to whether or not the hearsay statement was accomplice testimony was raised during the summation by defense counsel. No request was made to charge in regard to accomplice testimony and, as noted, there was no such testimony. The appeal is without any substantial merit. Judgment affirmed. Herlihy, P. J., Staley, Jr., Kane, Main and Reynolds, JJ., concur.